## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **KYJUANE L. CHATMAN,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| **VS.** | **:** | |
| | **:** | **CASE NO.: 4:18-CV-153-CDL-MSH** |
| **JULIA SLATER,** *et al.*, | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| _____ | **:** | |

## ORDER

Plaintiff Kyjuane L. Chatman, a prisoner who is presently incarcerated at the Washington State Prison in Davisboro, Georgia, has filed a *pro se* complaint for relief pursuant to 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis*. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. The Court therefore **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2), and this action is **DISMISSED without prejudice**.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed several federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, as malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Appeal, *Chatman v. Deal*, Appeal No. 15-12659-E (11th Cir. Oct. 29, 2015) (three-judge panel dismissing as frivolous); Order Dismissing Appeal, *Chatman v. Flournoy*, Appeal No. 13-11638-E, (11th Cir. July 25, 2013) (three-judge panel dismissing as frivolous); Order Dismissing Compl., *Chatman v. Mason*, ECF No. 5 in Case No. 4:13-cv-00049-CDL-MSH (M.D. Ga. Mar. 5, 2013) (dismissing for failure to state a claim); Order Dismissing Compl., *Chatman v. Darr,* ECF No. 8 in Case No. 4:10-cv-00137-CDL (M.D. Ga. Jan. 21, 2011) (adopting recommendation to dismiss for failure to state a claim); *see also* Order Dismissing Compl., *Chatman v. Humphrey*, ECF No. 5 in Case No. 4:15-cv-00012-CDL-MSH (M.D. Ga. Feb. 10, 2015) (dismissing pursuant to 28 U.S.C. § 1915(g)). Plaintiff is

accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo*., 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff's claims appear to arise from his 2004 criminal conviction in the Superior Court of Muscogee County, Georgia. *See* Compl. 5, ECF No. 1. Plaintiff contends that Defendants have refused to release the medical records of the "alleged victim" in his criminal case, and that this refusal has deprived him "of his liberty interest in fully utilizing the state post-conviction procedure . . . to obtain reversal of his conviction and/or to obtain a pardon." *Id.* Plaintiff alleges these records are exculpatory and that the Georgia statute upon which Defendants rely to prevent their release is unconstitutional. *See id.* Plaintiff has pleaded no specific facts, however, that demonstrate that he is presently in imminent danger of any serious physical injury. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint must be

dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* in this action (ECF No. 2) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

**SO ORDERED**, this 24th day of September, 2018.

s/ Clay D. Land

CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA